# In the United States District Court

## FOR THE DISTRICT OF KANSAS
### (Kansas City Docket)



UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,    )

v.    )   CASE NUMBER: 08-20047-01-CM/JPO
                             )

BENJAMIN ROWNER,    )
                             )
        Defendant.    )

**08 JUN -2 PM 3:01**

TIMOTHY M. O'BRIEN
CLERK
BY _____ DEPUTY

**FILED**
JUN 1 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08CR    464**

**JUDGE MANNING**
**MAGISTRATE JUDGE MASON**

### Consent to Transfer of Case
### for Plea and Sentence
### (Under Rule 20)

I, Benjamin Rowner, defendant, have been informed that an Information is pending against me in the above designated cause. I wish to plead guilty to the offense charged, to consent to the disposition of the case in the Northern District of Illinois in which I am present and to waive trial in the above captioned District.

Dated: May 1, 2008,
at 10:30 pm .

Benjamin Rowner
Defendant

Witness

James S. Montana, Jr., Esq.
Counsel for Defendant

Approved

Patrick J. Fitzgerald
United States Attorney for the
Northern District of Illinois

Eric F. Melgren
United States Attorney for the
District of Kansas

FORM USA-153
Sep 82

| To: | District: | Date: |
|---|---|---|
| Eric F. Melgren<br>United States Attorney<br>District of Kansas | District of Kansas<br>1200 Epic Center<br>301 N. Main<br>Wichita, KS 67202 | 5-12-2008 |
| Name of Subject: Benjamin Rowner<br>299 High Street<br>Passaic, NJ 07055 | Statute Violated: 18 U.S.C. § 371 | File Data:<br>08-20047-01-CM/JPO |

## Part A - District of Arrest

☐   The above-named subject has been apprehended in this jurisdiction and indicates amenability to Rule 20 disposition of the charges pending against him in your district. Kindly indicate whether you are agreeable to Rule 20 disposition and forward two certified copies of indictment or information if any.

☐   Enclosed is certified copy of waiver of indictment executed by defendant. Kindly file criminal information and forward two certified copies thereof.

X   Enclosed is Consent to Transfer form executed in duplicate (one copy for your files) by defendant and the United States Attorney in the District of arrest. Kindly add your consent and have the Clerk of your district transmit the papers in the proceedings or certified copies thereof to the Clerk of the Court in this district in accordance with Rule 20.
Docket No. _____.

X   Other (Specify): Charges filed in the District of Kansas and Defendant Rowner wishes to transfer to the Northern District of Illinois For Plea and Sentencing in this matter.

☐   The above-named defendant entered a plea of guilty under Rule 20.
Date of Plea            Date of Sentence            Sentence

| From (Signature and Title): | Address: |
|---|---|
| By: *[signature]*<br>Patrick J. Fitzgerald<br>United States Attorney<br>Northern District of Illinois<br>Eastern Division | Northern District of Illinois<br>Eastern Division<br>219 S. Dearborn Street, 5th Floor<br>Chicago, Illinois 60604 |

## Part B - District of Offense

☒   I am agreeable to Rule 20 disposition.

☐   I am not agreeable to Rule 20 disposition. Defendant's appearance is desired at _____ on the _____ day of _____, 2008, at _____ o'clock. (Kindly notify me of any anticipated delay.)

☐   Enclosed are two certified copies of indictment or information. Docket No. _____.

☐   Please have defendant execute waiver of indictment.

☐   Other (Specify):

| Signature: (Name and Title)<br>*[signature]*<br>Eric Melgren, United States Attorney | District:<br><br>District of Kansas | Date:<br>5/28/08 |
|---|---|---|

See United States Attorneys Manual 9-14.000 for an explanation of procedures under Rules 7 & 20, Federal Rules of Criminal Procedure.

Previous Editions are Obsolete

FORM OBD-101
Feb. 83

# In the United States District Court

### FOR THE DISTRICT OF KANSAS
(Kansas City Docket)

08 JUN -2 PM 2: 56

TIMOTHY M. O'BRIEN
CLERK
BY_____DEPUTY
AT KANSAS CITY. KS

UNITED STATES OF AMERICA,          )
                                   )
                     Plaintiff,    )
                                   )
          v.                       )     CASE NUMBER: 08-20047-02-CM/JPO
                                   )
JAY H. SOLED,                      )
                                   )
                     Defendant.    )
                                   )

**FILED**

JUN 1 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## 08CR      464

JUDGE MANNING

MAGISTRATE JUDGE MASON

### Consent to Transfer of Case
### for Plea and Sentence
### (Under Rule 20)

I, Jay H. Soled, defendant, have been informed that an Information is pending

against me in the above designated cause. I wish to plead guilty to the offense charged,

to consent to the disposition of the case in the Northern District of Illinois in which I am

present and to waive trial in the above captioned District.

Dated: __May 1__ , 2008,

at _____.

_____
Jay H. Soled
Defendant

_____
Witness

_____
Michael Monico, Esq.
Counsel for Defendant

Approved

_____
Patrick J. Fitzgerald
United States Attorney for the
Northern District of Illinois

_____
Eric F. Melgren
United States Attorney for the
District of Kansas

| To:<br><br>Eric F. Melgren<br>United States Attorney<br>District of Kansas | District:<br><br>District of Kansas<br>1200 Epic Center<br>301 N. Main<br>Wichita, KS 67202 | Date:<br><br>5-12-2008 |
|---|---|---|
| Name of Subject:  Jay H. Soled<br>109 Lafayette Avenue<br>Passaic, NJ 07055 | Statute Violated: 18 U.S.C. § 371 | File Data:<br>08-20047-01-CM/JPO |

### Part A - District of Arrest

☐  The above-named subject has been apprehended in this jurisdiction and indicates amenability to Rule 20 disposition of the charges pending against him in your district.  Kindly indicate whether you are agreeable to Rule 20 disposition and forward two certified copies of indictment or information if any.

☐  Enclosed is certified copy of waiver of indictment executed by defendant.  Kindly file criminal information and forward two certified copies thereof.

X  Enclosed is Consent to Transfer form executed in duplicate (one copy for your files) by defendant and the United States Attorney in the District of arrest.  Kindly add your consent and have the Clerk of your district transmit the papers in the proceedings or certified copies thereof to the Clerk of the Court in this district in accordance with Rule 20.
Docket No. _____.

X  Other (*Specify*): Charges filed in the District of Kansas and Defendant Soled wishes to transfer to the Northern District of Illinois For Plea and Sentencing in this matter.

☐  The above-named defendant entered a plea of guilty under Rule 20.
Date of Plea          Date of Sentence          Sentence

| From (*Signature and Title*):<br><br>By : *[signature]*<br>Patrick J. Fitzgerald<br>United States Attorney<br>Northern District of Illinois<br>Eastern Division | Address:<br><br>Northern District of Illinois<br>Eastern Division<br>219 S. Dearborn Street, 5th Floor<br>Chicago, Illinois 60604 |
|---|---|

### Part B - District of Offense

☒  I am agreeable to Rule 20 disposition.

☐  I am not agreeable to Rule 20 disposition.  Defendant's appearance is desired at _____ on the _____ day of _____, 2008, at _____ o'clock.  (*Kindly notify me of any anticipated delay.*)

☐  Enclosed are two certified copies of indictment or information.  Docket No. _____.

☐  Please have defendant execute waiver of indictment.

☐  Other (*Specify*):

| Signature: (*Name and Title*)<br>*[signature]*<br>Eric Melgren, United States Attorney | District:<br><br><br>District of Kansas | Date:<br>5/14/08 |
|---|---|---|

See United States Attorneys Manual 9-14.000 for an explanation of procedures under Rules 7 & 20, Federal Rules of Criminal Procedure.

Previous Editions are Obsolete

FORM OBD-101<br>Feb. 83

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
### DISTRICT OF KANSAS

TIMOTHY M. O'BRIEN
CLERK
E-MAIL: Tim_O'Brien@ksd.uscourts.gov

INGRID A. CAMPBELL
CHIEF DEPUTY CLERK
E-MAIL: Ingrid_Campbell@ksd.uscourts.gov

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KANSAS 66101
(913) 551-5734

June 3, 2006
Kansas City Kansas

204 U.S. COURTHOUSE
401 N. MARKET
WICHITA, KANSAS 67202
(316) 269-6491

490 U.S. COURTHOUSE
444 S.E. QUINCY
TOPEKA, KANSAS 66683
(785) 295-2610

## 08CR    464    FILED

### JUDGE MANNING        JUN 1 0 2008

### MAGISTRATE JUDGE MASON    MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Northern District of Illinois
Eastern Division
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

Re: USA vs. Benjamin Rowner (01) and Jay H. Soled (02)
Our Case: 08-20047-CM

Dear Clerk:

Pursuant to Rule 20 of the Federal Rules of Criminal Procedures and the Consent to Transfer of Case for Plea and Sentence, the above-entitled case is being transferred to your district for further proceedings.

As our court uses electronic case filing, you may access our electronic case file and print copies of required documents by following the procedures on the attached Instruction Sheet. You will need Adobe Acrobat reader loaded on your computer in order to view the documents.

Please **DO NOT MAKE THE INSTRUCTION SHEET A PART OF THE OFFICIAL RECORD.** as it contains your login and password to our system. This login and password should no be shared with anyone other than federal court personnel who would have a need to access our electronic case file system.

If you have any questions, please advise.

Sincerely,

TIMOTHY O'BRIEN, CLERK

By
Yolanda Holman, Deputy Clerk

# U.S. District Court
## District of Kansas (Kansas City)
## CRIMINAL DOCKET FOR CASE #: 2:08-cr-20047-CM-JPO All Defendants
## Internal Use Only

Case title: USA v. Rowner et al

Date Filed: 04/23/2008
Date Terminated: 06/02/2008

Assigned to: District Judge Carlos
Murguia
Referred to: Magistrate Judge James P.
O'Hara

### Defendant (1)

**Benjamin Rowner**
*TERMINATED: 06/02/2008*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

### Highest Offense Level (Opening)

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:371 Conspiracy to commit mail fraud, wire fraud, and make false statements in a matter within the jurisdiction of the Government of the United States (INFORMATION FILED 4/23/08) (1) | Transfered to the Northern District of Illinois |

### Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: District Judge Carlos
Murguia
Referred to: Magistrate Judge James P.

O'Hara

**Defendant (2)**

**Jay H Soled**
*TERMINATED: 06/02/2008*

**Pending Counts**                                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                       **Disposition**

18:371 Conspiracy to commit mail
fraud, wire fraud, and make false
statements in a matter within the                            Transfered to the Northern District of
jurisdiction of the Government of the                        Illinois
United States (INFORMATION FILED
4/23/08)
(1)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                              **Disposition**

None

---

**Plaintiff**

**USA**                              represented by    **Barry J. Kaplan**
                                                      US Department of Justice - Antitrust
                                                      Division
                                                      209 S. LaSalle St. - Ste. 600
                                                      Chicago, IL 60657
                                                      312-353-9286
                                                      Fax: 312-353-1046
                                                      Email: barry.kaplan@usdoj.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2008 | 1 | INFORMATION as to Benjamin Rowner (1) count(s) 1, Jay H Soled (2) count(s) 1. (yh) (Entered: 04/23/2008) |

| 04/25/2008 |   | Summons Issued as to Benjamin Rowner, Jay H Soled Initial Appearance set for 5/6/2008 at 02:00 PM in Courtroom 236 (JPO) before Magistrate Judge James P. O'Hara. (mm) (Entered: 04/25/2008) |
|---|---|---|
| 04/29/2008 | 2 | ORDER as to Benjamin Rowner and Jay H Soled. The court held a telephone status conference on April 29, 2008 with counsel (Jim Montana for defendant Rowner, Michael Monico for defendant Soled, and Barry Kaplan for the Government). Everyone agreed that because of an anticipated transfer of this case to the Northern District of Illinois, the May 6, 2008 first appearance is canceled and the summons are withdrawn. Signed by Magistrate Judge James P. O'Hara on 4/29/2008.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kg) (Entered: 04/29/2008) |
| 04/29/2008 | 3 | MINUTE ENTRY for proceedings held before Magistrate Judge James P. O'Hara: Telephone Status Conference with counsel as to Benjamin Rowner and Jay H Soled held on 4/29/2008. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kg) (Entered: 04/29/2008) |
| 04/29/2008 |   | (Court only) ***Procedural Interval start as to Benjamin Rowner, Jay H Soled (mm) (Entered: 06/03/2008) |
| 06/02/2008 | 4 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Northern District of Illinois Counts closed as to Benjamin Rowner (1) Count 1. (yh) (Entered: 06/03/2008) |
| 06/02/2008 | 5 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Northern District of Illinois Counts closed as to Jay H Soled (2) Count 1. (yh) (Entered: 06/03/2008) |

# U.S. District Court
## District of Kansas (Kansas City)
## CRIMINAL DOCKET FOR CASE #: 2:08-cr-20047-CM-JPO All Defendants
## Internal Use Only

Case title: USA v. Rowner et al

Date Filed: 04/23/2008
Date Terminated: 06/02/2008

Assigned to: District Judge Carlos
Murguia
Referred to: Magistrate Judge James P.
O'Hara

### Defendant (1)

**Benjamin Rowner**
*TERMINATED: 06/02/2008*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

### Highest Offense Level (Opening)

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:371 Conspiracy to commit mail fraud, wire fraud, and make false statements in a matter within the jurisdiction of the Government of the United States (INFORMATION FILED 4/23/08) (1) | Transfered to the Northern District of Illinois |

### Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: District Judge Carlos
Murguia
Referred to: Magistrate Judge James P.

O'Hara

## Defendant (2)

**Jay H Soled**
*TERMINATED: 06/02/2008*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:371 Conspiracy to commit mail fraud, wire fraud, and make false statements in a matter within the jurisdiction of the Government of the United States (INFORMATION FILED 4/23/08) (1) | Transfered to the Northern District of Illinois |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                    represented by **Barry J. Kaplan**
US Department of Justice - Antitrust Division
209 S. LaSalle St. - Ste. 600
Chicago, IL 60657
312-353-9286
Fax: 312-353-1046
Email: barry.kaplan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2008 | 1 | INFORMATION as to Benjamin Rowner (1) count(s) 1, Jay H Soled (2) count(s) 1. (yh) (Entered: 04/23/2008) |

| 04/25/2008 | | Summons Issued as to Benjamin Rowner, Jay H Soled Initial Appearance set for 5/6/2008 at 02:00 PM in Courtroom 236 (JPO) before Magistrate Judge James P. O'Hara. (mm) (Entered: 04/25/2008) |
|---|---|---|
| 04/29/2008 | 2 | ORDER as to Benjamin Rowner and Jay H Soled. The court held a telephone status conference on April 29, 2008 with counsel (Jim Montana for defendant Rowner, Michael Monico for defendant Soled, and Barry Kaplan for the Government). Everyone agreed that because of an anticipated transfer of this case to the Northern District of Illinois, the May 6, 2008 first appearance is canceled and the summons are withdrawn. Signed by Magistrate Judge James P. O'Hara on 4/29/2008.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kg) (Entered: 04/29/2008) |
| 04/29/2008 | 3 | MINUTE ENTRY for proceedings held before Magistrate Judge James P. O'Hara: Telephone Status Conference with counsel as to Benjamin Rowner and Jay H Soled held on 4/29/2008. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kg) (Entered: 04/29/2008) |
| 04/29/2008 | | (Court only) ***Procedural Interval start as to Benjamin Rowner, Jay H Soled (mm) (Entered: 06/03/2008) |
| 06/02/2008 | 4 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Northern District of Illinois Counts closed as to Benjamin Rowner (1) Count 1. (yh) (Entered: 06/03/2008) |
| 06/02/2008 | 5 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Northern District of Illinois Counts closed as to Jay H Soled (2) Count 1. (yh) (Entered: 06/03/2008) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

(Kansas City Docket)

FILED
U.S. DISTRICT COURT
08 APR 23 PM 1:55
TIMOTHY M. O'BRIEN
CLERK
BY_____DEPUTY
AT KANSAS CITY, KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-20047-01-02 CM/JPO |
| | ) | |
| BENJAMIN ROWNER; and | ) | |
| JAY H. SOLED, | ) | |
| | ) | |
| Defendants. | ) | |

INFORMATION

THE UNITED STATES OF AMERICA, THROUGH ITS ATTORNEYS, CHARGES:

DESCRIPTION OF THE OFFENSE

1.    BENJAMIN ROWNER IS HEREBY CHARGED AND MADE A DEFENDANT

HEREIN.

2.    JAY H. SOLED IS HEREBY CHARGED AND MADE A DEFENDANT HEREIN.

**Overview of the E-Rate Program**

3.    In approximately 1998, the Federal government implemented a program to provide

subsidies to schools and libraries for use in the purchase and installation of Internet access and

telecommunications services as well as internal computer and communication networks (the "E-

Rate Program"). The E-Rate Program is administered under contract with the government by a not-for-profit company called the Universal Service Administrative Company ("USAC") and by a subdivision of USAC called the Schools and Libraries Division ("SLD"). The Federal Communications Commission ("FCC") oversees and regulates USAC.

4.      One of the principal objectives of the E-Rate Program is to encourage economically disadvantaged schools to install and upgrade their Internet and communications infrastructure, and to provide their students with access to the Internet as a learning tool.  To accomplish this, the Federal government offers to pay a large portion of the cost of each participant school's infrastructure enhancements where such schools meet the E-Rate Program's eligibility requirements.

5.      One of the E-Rate Program's core requirements for participation is that each applicant school pay some percentage of the cost of the work funded by the program.  The percentage that the applicant school must pay ranges from 10% to 80%, depending on the neediness of each applicant school (hereinafter, the school's "co-pay").  The government pays the balance of that cost, which ranges from as low as 20% to as high as 90%. The applicant schools are required to pay a portion of the costs so that schools have a financial incentive to negotiate for the best prices, spending under the E-Rate Program is not wasteful, and schools purchase only those infrastructure enhancements that they truly need.

6.      A second core requirement for participation in the E-Rate Program is that each applicant school must seek competitive bids for the work for which they are requesting E-Rate funding. An applicant school begins its participation in the E-Rate Program by filing an initial form with

USAC entitled the "Universal Service Program Description of Services Requested and Certification Form," also known as the FCC Form 470. The Form 470 lists the types of services or goods for which the applicant school will be seeking funding. The purpose of the Form 470 is to open a competitive bidding process for the services and goods desired by the applicant school. After completing the Form 470, the applicant school transmits it to USAC, which posts the information from the form on the SLD website. The information posted on the SLD website may be accessed by any company interested in being selected as a service provider for the applicant school. To allow for sufficient time for a competitive bidding process to occur, FCC rules require that requests for goods and services be posted on SLD's website for at least 28 days before the applicant school selects a service provider. To ensure an open and competitive bidding process, FCC rules forbid a service provider who will participate in the bidding process as a bidder from completing the Form 470 on behalf of an applicant school.

7.    After the 28-day period has passed following an applicant school's filing of its Form 470 the applicant school may choose a service provider and sign a contract with it to obtain eligible goods and services under the E-Rate Program. Once a contract with a service provider is signed, the applicant school must file another form with USAC, by which the school actually seeks funding from the E-Rate Program for the goods and services specified.

8.    Once funding is approved by USAC, the applicant school must file at least one additional form before the service provider is eligible to receive payment from USAC under the E-Rate Program. This form is a certification by the school to USAC that the school is receiving, is scheduled to receive, or has received goods and services from the school's service provider.

-3-

This form must be received by USAC before an invoice from the service provider will be paid.

9.    After providing eligible goods and services to an eligible school, the service provider must file a Service Provider Invoice Form with USAC to seek payment for goods and services provided in the amount previously approved by USAC.  Before submitting this form, the service provider must have provided the goods and services for which payment is requested and the service provider must have billed the applicant school for the school's co-pay.

### Defendants and Coconspirators

10.    At times relevant to the Information, defendants Benjamin Rowner and Jay H. Soled acted on their own behalf and as agents of Company 1, a New York corporation, based in New Jersey, owned and operated by them.  Company 1 was established by defendants Benjamin Rowner and Jay H. Soled.  One of the principal activities conducted by the company was the application for and receipt of the fraudulently obtained funds from the E-Rate Program, as described in this Information.  The defendants acted in concert with other unindicted coconspirators, including the following:

A)    Unindicted Coconspirator A was the owner of the Unindicted Coconspirator Companies 2, 3, and 4, and was actively engaged in marketing and providing E-Rate funded services to schools.

B)    Unindicted Coconspirator B, who used her maiden name rather than her married name, was the mother of Coconspirator A, and represented herself as an employee of Coconspirator Company 4.

## The Conspiracy

11.    Beginning in Fall 1999, and continuing through November 2003, the defendants herein,

### Benjamin Rowner, and
### Jay H. Soled,

combined, conspired, confederated, and agreed with one another and with other unindicted

coconspirators to commit offenses against the United States of America, in the District of Kansas

and elsewhere, by:

A)    knowingly and intentionally conspiring between themselves and other unindicted

coconspirators to commit a series of offenses against the United States, namely to

defraud and obtain E-Rate Program money from USAC, through materially false

representations and the concealment of material facts, by depositing and causing to

be deposited matters and things to be sent to USAC by United States Mail and by

private and commercial interstate carrier, namely Airborne Express, in violation of

Title 18, United States Code, Section 1341.

B)    knowingly and intentionally conspiring between themselves and other unindicted

coconspirators to commit a series of offenses against the United States, namely to

defraud and obtain E-Rate Program money from USAC, through materially false

representations and the concealment of material facts, by transmitting and causing

to be transmitted by wire communication, in interstate commerce, matters and

things to be sent to SLD by electronic mail, telephone, and telefax, in violation of

Title 18, United States Code, Section 1343.

C)    knowingly and intentionally conspiring among themselves and other

coconspirators to commit a series of offenses against the United States, namely to

defraud and obtain money from USAC, through the intentional manipulation of the

competitive bidding process at schools seeking E-Rate funding, submission of

materially false representations to USAC, concealment of material facts from

USAC, and forgery of the signatures of the officials representing schools seeking

E-Rate funding, in violation of Title 18, United States Code, Section 1001.

12.    The objects of the conspiracy were to: (a) induce schools to select Company 1 and/or other

unindicted coconspirator companies as the schools' service provider or providers in violation of

E-Rate Program rules; (b) submit materially false and fraudulent documents to USAC which

claimed that the schools had paid or would pay their co-pays; (c) submit other materially false and

fraudulent documents to USAC; (d) receive payment from USAC for goods and services that

defendants provided those schools; and (e) conceal the existence of the conspiracy from those

schools, USAC, and SLD.

13.    Coconspirator B fraudulently represented herself to schools applying for E-Rate funds,

and to USAC and SLD, as an independent E-Rate consultant with Coconspirator Company 4, but

in fact acted in concert with her son, Coconspirator A, to steer schools seeking E-Rate funding

toward Coconspirator Companies 1 and/or 2 and/or 3. In doing so, Coconspirator B, concealed

her true identity and family relationship to Coconspirator A by using her maiden name in dealing

with those schools, and in dealing with USAC, in violation of E-Rate Program rules.

14.    Defendants Benjamin Rowner and Jay H. Soled, and other coconspirators, submitted or

caused to be submitted fraudulent applications and other documents to USAC. These applications

and documents contained erroneous, misleading, or fraudulent information, including, but not limited to, fabricated school budgets, fabricated technology plans, the substitution of the names of Coconspirator A, B and/or others instead of the names of the actual school officials on application documents, and forged signatures of school officials.

15.    Defendants Benjamin Rowner and Jay H. Soled, and other coconspirators, submitted fraudulent invoices and other documents to USAC which falsely claimed that the applicant schools had paid or would pay their co-pays and that all of the other rules of the E-Rate Program had been followed by defendants.

### Acts in Furtherance of the Conspiracy

16.    In furtherance of the conspiracy and to effect the unlawful objects thereof, defendants Benjamin Rowner and Jay H. Soled, and other coconspirators committed and caused to be committed the following acts in the State and District of Kansas, and elsewhere:

    A)    Between Fall of 1999 and November 2003, defendants Benjamin Rowner and Jay H. Soled, and other coconspirators promised school officials that their schools would not have to pay the schools' co-pay if the schools chose one or more of Companies 1, 2, and 3 as the schools' E-Rate Program service provider.

    B)    Between Fall of 1999 and November 2003, defendants Benjamin Rowner and Jay H. Soled, and other coconspirators, used Coconspirator Company 4 to pose as an independent consultant to schools interested in applying for funding under the E-Rate program.  Coconspirator B, Coconspirator A's mother, orchestrated the bidding process at these schools to direct the award of contracts funded under the E-Rate program to the other defendants.  As a result of the defendants' and their

coconspirators' manipulation of the contract award process, all of the schools that utilized Coconspirator Company 4 as their consultant ultimately awarded the technology contracts that were funded under the E-Rate program to Coconspirator Companies 1, 2, or 3.

C)   The conspiracy was comprised of two closely-related schemes that were orchestrated and completed by the defendants and their coconspirators in furtherance of the overall conspiracy.  This first scheme involved, among others, the following schools:

1.   Aurora Weir Bilingual High School (Milwaukee, Wisconsin)

2.   Dr. Brenda Pijoos School (Milwaukee, Wisconsin)

3.   College Preparatory School of America (Lombard, Illinois)

4.   Cornerstone Achievement Academy (Milwaukee, Wisconsin)

5.   Calvary Chapel Academy (Lawrence, Kansas)

6.   Islamic Academy Day School (Asbury Park, New Jersey)

7.   Islamic School of Lawrence (Lawrence, Kansas)

8.   Mohammed Schools (Little Rock, Arkansas)

9.   New Horizon School (Pasadena, California)

10.   River Run Education and Transition Training (Salem, Oregon).

D)   Between Fall 1999 and November 2003, defendants Benjamin Rowner and Jay H. Soled, and other coconspirators, caused forms applying for funding to be submitted to USAC on behalf of the above-named schools that contained fictitious, fraudulent, or misleading information, including, but not limited to: forged

-8-

signatures of school officials; fictitious school budgets; technology plans containing false information; USAC forms on which Coconspirator A, B or another relative of Coconspirator A were falsely listed as the school contact person, president, technology administrator, or some other title intended to represent that person as an employee or agent of the school, and other intentionally misleading information. In some instances these forms were submitted by interstate telefax transmission or other means of wire transmission, including by interstate transmission of electronic mail or electronic data over the Internet. In other instances, these forms were submitted by United States Mail or by private interstate carriers.

E)    Between Fall 1999 and November 2003, defendants Benjamin Rowner and Jay H. Soled, and other coconspirators, in order to conceal the improper promises they had made to schools to pay for or forgive the schools' co-pay and the defendants' manipulation of the contract award process, engaged in artifices to conceal the fact that schools had not paid the co-pay. In some cases, one or more of the defendants paid an amount roughly equal to the school's co-pay directly to the school, then accepted payment from the school for the co-pay. In other instances, they arranged for Coconspirator A or a third party to pay the school an amount roughly equal to the school's co-pay directly to the school, then accepted payment for the co-pay from the school. Some of these payments were made in such a manner as to present to the schools involved that they were charitable contributions from individuals other than the defendants or their coconspirators. These transactions

-9-

were intended to conceal from USAC the fact that

> (1)    the defendants had promised schools that they would not have to pay the co-pay of contracts awarded under the E-Rate program, and

> (2)    on some occasions the defendants had paid the co-pay in order to continue and conceal their conspiracy.

F)    Between Fall 1999 and November 2003, defendants Benjamin Rowner and Jay H. Soled, and other coconspirators also engaged in other acts to conceal their fraudulent activity from USAC by instructing school officials how to respond to inquiries from USAC about possible violations of the E-Rate Program rules. In order to conceal their illegal activities, the defendants coached the school officials on how they should respond to USAC or SLD inquiries. These conversations took place in interstate telephone calls between the defendants and the school officials and were in some instances followed up by interstate telefax transmissions or interstate electronic mail messages that provided the school officials with more specific guidance as to how they should respond to USAC.

G)    During the relevant period, as part of the overall conspiracy, the defendants also engaged in a second scheme with other employees and officers of Coconspirator Company 1, to obtain the award of school technology grants funded under the E-Rate Program at the following schools:

> 1. John A. Reisenbach Charter School (New York, New York)

> 2. Newark Charter School (Newark, New Jersey)

-10-

3.  Pioneer Youth Corps of Oregon (Willamette, Oregon)

H)    Between Fall 1999 and November 2003, defendants Benjamin Rowner and Jay H.

Soled caused forms applying for funding to be submitted to USAC on behalf of the

three schools identified in paragraph 16 G) above that contained fictitious,

fraudulent, or misleading information, including, but not limited to, fictitious

school budgets and technology plans containing false information.  In some

instances these forms were submitted by interstate telefax transmission or other

means of wire transmission, including by interstate transmission of electronic mail

or electronic data over the Internet.  In other instances, these forms were submitted

by United States Mail or by private interstate carriers.

I)    Between Fall 1999 and November 2003, defendants Benjamin Rowner and Jay H.

Soled, in order to conceal the improper promises they had made to these schools to

pay for or forgive the schools' co-pay and the defendants' manipulation of the

contract award process, engaged in artifices to conceal the fact that schools had not

paid the co-pay. In one instance, one or more of the defendants paid an amount

roughly equal to the school's co-pay directly to the school, then accepted payment

from the school for the co-pay.  This payment was made in such a manner as to

convince the school involved that it was a charitable contribution from individuals

other than the defendants.   This transaction was intended to conceal from USAC

the fact that

(1)  the defendants had promised schools that they would not have to pay

the co-pay of contracts awarded under the E-Rate program, and

-11-

(2)     on one occasion the defendants had paid the co-pay in order to

continue and conceal their conspiracy.

J)     Between Fall 1999 and November 2003, defendants Benjamin Rowner and Jay H.

Soled also engaged in other acts to conceal their fraudulent activity from USAC by

instructing school officials how to respond to inquiries from USAC about possible

violations of the E-Rate Program rules.  In order to conceal their illegal activities,

the defendants coached the school officials on how they should respond to USAC

or SLD inquiries.  These conversations took place in interstate telephone calls

between the defendants and the school officials and were in some instances

followed up by interstate telefax transmissions or interstate electronic mail

messages that provided the school officials with more specific guidance as to how

they should respond to USAC.

**All in violation of Title 18, United States Code, Section 371.**

-12-

## JURISDICTION AND VENUE

17.     The offenses charged in this Information were carried out, in part, in the District of Kansas

within the five years preceding the filing of this Information.

Dated: *April 23* 2008


_____
THOMAS O. BARNETT
Assistant Attorney General




_____
SCOTT D. HAMMOND
Deputy Assistant Attorney General


_____
MARC SIEGEL
Director of Criminal Enforcement


United States Department of Justice
Antitrust Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530


_____
ERIC F. MELGREN
United States Attorney
District of Kansas
500 State Avenue
Suite 360
Kansas City, KS 66101
KS.S.Ct. No. 12430


_____
MARVIN N. PRICE, JR.
Chief, Midwest Field Office


_____
FRANK J. VONDRAK
Assistant Chief, Midwest Field Office


_____
BARRY J. KAPLAN
KALINA M. TULLEY
ROSEMARY S. THOMPSON
MICHAEL W. BOOMGARDEN

Attorneys
United States Department of Justice
Antitrust Division
209 S. LaSalle St., Suite 600
Chicago, IL 60604

**Penalties:**

**Count 1:**

- NMT 5 years imprisonment,
- NMT $250,000 fine,
- NMT 3 years S.R., and
- $100 Special Assessment