

**FILED**
JUL 1 0 2008
JUL 10, 2008
Judge Blanche M. Manning
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08 CR-464 |
| ) | Judge Blanche M. Manning |
| BENJAMIN ROWNER, ) | |
| ) | |
| Defendant. ) | |

### PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(B)

The United States of America and Benjamin Rowner ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.):

### RIGHTS OF DEFENDANT

1.  The defendant understands his rights:

    (a)  to be represented by an attorney;

    (b)  to be charged by indictment;

    (c)  to plead not guilty to any criminal charge brought against him;

    (d)  to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

    (e)  to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

  (f)  not to be compelled to incriminate himself;

  (g)  to appeal his conviction, if he is found guilty; and

  (h)  to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.  The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255 that challenges the sentence imposed by the Court, regardless of how the sentence is determined by the Court, unless the sentence imposed exceeds the sentencing range of Guideline Level 18 (27 to 33 months). This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the District of Kansas. The Information will charge the defendant with one count of knowingly and intentionally conspiring with others to commit offenses against the United States from Fall 1999 to at least November 2003, namely

  (a) to defraud and obtain money from the E-Rate Program, administered by the Schools and Libraries Division ("SLD") of the Universal Service Administrative Company ("USAC"), through materially false representations, and the concealment of material facts, by depositing and causing to be deposited matters and things to be sent to SLD by United States Mail and by a private and commercial interstate carrier, namely Airborne Express;

2

(b) to defraud and obtain money from the E-Rate Program, administered by SLD and USAC, through materially false representations and the concealment of material facts, by transmitting and causing to be transmitted by wire matters and things to be sent to SLD by interstate electronic mail, telephone, and facsimile, and

(c) to defraud and obtain money from the E-Rate Program, administered by SLD and USAC, through intentional manipulation of the competitive bidding process at schools seeking E-Rate funding, submission of materially false representations to SLD and USAC, concealment of material facts from SLD and USAC, and forgery of the signatures of the officials representing schools seeking E-Rate funding, in violation of 18 U.S.C. § 371.

3. The parties agree to file a motion with this Court pursuant to Fed. R. Crim. P. 20 to transfer this case to the Northern District of Illinois for the purpose of entering a guilty plea and sentencing after this Plea Agreement has been filed. The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below. The United States agrees that at the arraignment, it will stipulate to the release of the defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSES CHARGED

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a) For purposes of this Plea Agreement, the "relevant period" is that period

3

from Fall 1999 to at least November, 2003. During the relevant period, the defendant was the Vice President and co-owner of Corporation 1, an unindicted co-conspirator company, organized and existing under the laws of New York and with its principal place of business in New Jersey. During the relevant period Corporation 1 was a seller and installer of computers and associated equipment used for connection to the Internet and for the distribution of information across local area networks, and was engaged in the sale and installation of those products in the United States.

(b) During the relevant period, the defendant participated in a conspiracy with other persons and entities, including persons and companies outside Corporation 1, engaged in the sale and installation of computers and associated equipment used for connection to the Internet and for the distribution of information across local area networks. The primary purpose of the conspiracy was to fraudulently obtain the award of school technology grants under the E-Rate Program, and payment from USAC for products and services for schools that were awarded grants. The conspiracy was comprised of two closely-related schemes that were orchestrated and completed by the defendant and his coconspirators in furtherance of the overall conspiracy. This first scheme involved, among others, the following schools:

1. Aurora Weier Bilingual High School
2. Brenda Pijoos School
3. Calvary Chapel Academy
4. College Preparatory School of America
5. Cornerstone Achievement Academy

6. Islamic Academy Day School

7. Islamic School of Lawrence

8. Mohammed School

9. New Horizon School

10. River Run Education and Transition Training

The defendant and his co-conspirators carried out this scheme by agreeing to engage in and engaging in wire fraud, mail fraud, and making false statements to USAC. In furtherance of this scheme an unindicted co-conspirator company wholly owned and controlled by one of the defendant's unnamed co-conspirators, in violation of the federal regulations governing the E-Rate Program, held itself out as an independent consultant that offered assistance to the applicant schools in obtaining E-Rate funding and choosing service providers. This corporation steered the award of E-Rate contracts to the defendant's company, Corporation 1, and its co-conspirators. The defendant and his co-conspirators induced the schools affected by this scheme to enter into contracts by offering to fund or "forgive" the schools' co-pay amounts, a violation of the federal regulations governing the E-Rate Program. During meetings and conversations between the defendant and his co-conspirators, agreements were reached to circumvent the requirements of the E-Rate Program by providing the schools seeking funding with false promises that the defendant and/or his co-conspirators would locate private donors to assist the schools in paying their co-pays under the E-Rate Program, and making materially false representations to USAC in the schools' application forms for E-Rate Program funding. The defendant and his co-conspirators engaged in acts to conceal their

5

fraud from USAC and the affected schools by making false statements to USAC and, in some instances, inducing the schools' representatives to provide USAC information that the conspirators knew to be false.

    (c)    During the relevant period, as part of the overall conspiracy, the defendant also engaged in a scheme with another employee and officer of Corporation 1, to obtain the award of school technology grants funded under the E-Rate Program at, among others, the following schools:

1. John A. Reisenbach Charter School
2. Newark Charter School, and
3. Pioneer Youth Corps of Oregon

The defendant and his co-conspirator carried out this part of the conspiracy by agreeing to engage in and engaging in wire fraud, mail fraud, and making false statements to USAC. The defendant participated in this scheme, the primary purpose of which was to fraudulently obtain the award of school technology grants under the E-Rate Program, along with other persons and entities employed by or otherwise associated with Corporation 1. In furtherance of this scheme, the defendant and his co-conspirator provided false and misleading information to USAC by preparing and forwarding USAC forms, technology plans, budgets and other paperwork for the applicant schools. The defendant and his co-conspirator agreed to and actually did induce the schools affected by this scheme to enter into contracts for products and services funded by the E-Rate Program by representing to the schools that they would not be responsible for paying their co-pays, a violation of the federal regulations governing the E-Rate Program. In one

instance, the conspirators offered to solicit benefactors who would pay the co-pay, knowing that such benefactors did not actually exist. The defendant and his co-conspirator engaged in acts to conceal their fraud from USAC and the affected schools by making false statements to USAC. In one instance, when a school pressed the defendant and his co-conspirator for their assistance in obtaining funds to pay for its co-pay, the defendant and his co-conspirator, in order to conceal their fraud and misrepresentations to the school, engaged in deliberate deception of the school by forwarding funds to the affected school, after the conspirators had obtained payment from USAC for their work at this school, in a manner intended to cause the school to believe that the source of the funds was a third-party benefactor.

(d)     The E-Rate Program is a federally funded program and the money obtained by the conspirators, as a result of the illegal acts to which they are pleading guilty, constituted federal funds. The defendant, in furtherance of the conspiracy to which he is pleading guilty deposited or caused to be deposited matters and things to be sent to USAC by United States Mail and by a private and commercial interstate carrier, namely Airborne Express. The defendant, in furtherance of the illegal acts to which he is pleading guilty, also transmitted and caused to be transmitted across state lines by wire, information, matters and things to be sent to USAC by electronic mail, telephone, and facsimile.

(e)     Acts in furtherance of the conspiracy were carried out within the District of Kansas and elsewhere. Some unindicted co-conspirators of the defendant conducted business operations in the District of Kansas, from which location they sent and received facsimile transmissions and electronic mail messages across state lines, and

7

mailed correspondence, in furtherance of the conspiracy. Further, the USAC office to which the conspirators sent many of the false and fraudulent forms that were created to carry out and conceal the conspiracies was located in the District of Kansas.

### POSSIBLE MAXIMUM SENTENCE

5.   The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 18 U.S.C. § 371 is:

    (a)   a term of imprisonment for five years; and

    (b)   a fine in an amount equal to the greatest of (1) $250,000, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 371; 18 U.S.C. § 3571(b) and (d)).

6.   In addition, the defendant understands that:

    (a)   pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

    (b)   pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

### SENTENCING GUIDELINES

7.   The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the

Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

8. The United States and the defendant agree that the proper Guidelines calculation is as follows:

(a) The base offense level under U.S.S.G. §2B1.1(a)(2) is 6;

(b) The combined loss and intended loss to the victim or victims of the offense was greater than $1,000,000 and less than $2,500,000, resulting in an increase in the offense under U.S.S.G. §2B1.1(b)(1)(I) of 16;

(c) The defendant was a manager or supervisor of a criminal activity that involved five or more participants and was extensive in nature, resulting in an increase for his role in the offenses under U.S.S.G. §3B1.1(b) of 3; and

(d) The defendant has demonstrated acceptance of responsibility for his offenses under U.S.S.G. § 3E1.1(b) by entering a plea of guilty to the Information, resulting in a decrease in his offense level of 3.

Thus, the defendant's Final Offense Level is 22. Given the defendant's lack of previous convictions, the proper Criminal History Category for determining the appropriate Guidelines range of imprisonment is Category I, resulting in a Guidelines range of punishment of 41 to 51

months of imprisonment.

## SENTENCING AGREEMENT

9.      The United States agrees that it will recommend, as an appropriate disposition of this case, that the Court impose a period of imprisonment within the range (27 to 33 months) for a Final Offense Level of 18 under the Sentencing Guidelines, reflecting a four-point downward departure, as described in Paragraph 10 below. The defendant is free to recommend, as the appropriate disposition of the case, a sentence below the applicable Guidelines range based on 18 U.S.C. § 3553(a). The defendant understands that the United States will oppose the defendant's recommendation. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines, justifying a departure pursuant to U.S.S.G. §5K2.0, except that the defendant is free to argue that the loss calculation pursuant to the Guidelines overstates the seriousness of the offense. The defendant understands that the United States will maintain that the Guidelines loss calculation appropriately measures the seriousness of the offense. The United States agrees not to seek or support any term of imprisonment outside of the Guidelines range of 27 to 33 months, and both parties agree that they will not seek or support any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties each reserve the right to argue for the amount of restitution and fine they believe is appropriate and consistent with the Sentencing Guidelines, understanding that the United States may argue for a fine up to that provided for under the alternative fine provision of 18 U.S.C. § 3571(d).

(a)     The parties agree that had this case gone to trial, the United States would

10

have presented evidence to prove that the total actual and intended gain derived from or the loss resulting from the charged offense is $1,267,020, and therefore the maximum fine pursuant to 18 U.S.C. § 3571(d) would be $2,534,040. For purposes of this plea and sentencing only, the defendant waives his rights to contest this calculation.

(b) The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

10. Subject to the full and continuing cooperation of the defendant, as described in Paragraphs 12 and 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a four-point downward departure from the Guidelines Final Offense Level in this case and will request that the Court impose a term of imprisonment within that called for by the Sentencing Guidelines for a Final Offense Level of 18 because of the defendant's substantial assistance in the government's investigation and prosecution of violations of federal criminal law in the E-Rate services industry.

11. Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraphs 12 and 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete. The United States and the

defendant understand that the Court retains complete discretion to accept or reject the sentences argued for by either party, as provided for under Paragraph 9 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either party's recommendation contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

12. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal criminal laws involving the provision of services and products under the E-Rate Program, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

    (a) producing all non-privileged documents, including claimed personal documents, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by attorneys and agents of the United States;

    (b) making himself available for interviews, upon the request of attorneys and agents of the United States;

    (c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503);

(d) otherwise voluntarily providing the United States with any non-privileged material or information, not requested in (a) - (c) of this paragraph, that he may have that is related to any Federal Proceeding; and

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503).

13. Each party reserves the right to argue for an amount of restitution and a fine they believe is appropriate to the crime, the harm to the victims, and the defendant's financial ability to pay. To assist the United States in making this determination, the defendant agrees that he will deliver to the United States prior to sentencing a completed financial statement identifying all the defendant's assets, and that he will promptly provide full and accurate additional information to the United States and this Court about his assets, debts, and income, in such form and at such times as the United States may request. If the defendant fails to comply with this provision the United States is relieved of its obligation to recommend a sentencing reduction for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 or any other sentencing recommendation contained in this agreement, including a downward departure pursuant to U.S.S.G. § 5K1.1.

## GOVERNMENT'S AGREEMENT

14. Subject to the full, truthful, and continuing cooperation of the defendant, as described in Paragraphs 12 and 13 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the sentence, the United States

will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of, or in any way related to, any conspiracies to defraud the United States in connection with applications for funding or the receipt of payment for services rendered or goods provided under the E-Rate Program ("the Relevant Offenses"). The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

## REPRESENTATION BY COUNSEL

15. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

16. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to

whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

17. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in Paragraphs 12, 13, and 14 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify the defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

18. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States,

15

federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

19. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

20. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

21. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: July 10, 2008

Respectfully submitted,

BY: _____
BENJAMIN ROWNER, Defendant

_____
JAMES S. MONTANA, JR.
Counsel for Benjamin Rowner

BY: _____
Barry J. Kaplan
Kalina M. Tulley
Michael W. Boomgarden

16

Rosemary S. Thompson
Attorneys
U.S. Department of Justice
Antitrust Division
209 S. LaSalle St., Ste. 600
Chicago, IL 60604
Tel.: 312-353-7530